**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CHARISE YOUNG,

        Appellant,

v.

DEPARTMENT OF VETERANS
    AFFAIRS,

        Agency.

DOCKET NUMBER
AT-1221-21-0282-W-1

DATE: September 30, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Charise Young, McDonough, Georgia, pro se.

Timothy M. O'Boyle, Esquire, Hampton, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction on the grounds that she failed to prove that she exhausted her administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

remedies with the Office of Special Counsel (OSC) before filing her IRA appeal with the Board. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that, although the appellant proved that she exhausted before OSC her claims of reprisal for disclosing a hostile work environment and filing an equal employment opportunity (EEO) complaint, she failed to nonfrivolously allege that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed by the agency as a Human Resources Assistant. Initial Appeal File (IAF), Tab 1 at 7. By letter dated June 15, 2020, the agency denied the appellant a within-grade increase (WIGI) due July 5, 2020, based on her unacceptable performance. IAF, Tab 1 at 7, Tab 7 at 6-17. Thereafter, the appellant filed a complaint with OSC. IAF, Tab 1 at 8-10. By letters dated March 12, 2021, OSC advised the appellant that it had terminated its investigation into her complaint and that she could seek corrective action with the

Board. *Id*. OSC described the appellant's complaint as alleging that the agency retaliated against her for reporting a hostile work environment and for filing an EEO complaint by lowering her performance rating and proposing her removal. *Id*. at 9.

On March 15, 2021, the appellant filed an appeal with the Board, alleging that the agency proposed her removal based on medical disability and denied her a WIGI. *Id.* at 5. She indicated that the latter action was in retaliation for her prior EEO activity. *Id*. She did not describe the allegations she raised in her OSC complaint, but she stated that she had done so and attached copies of OSC's final determination and close-out letters. *Id.* at 4, 8-10. The administrative judge issued an order, notifying the appellant of the elements and burdens of proof to establish Board jurisdiction over an IRA appeal and directing her to file evidence and argument on that issue. IAF, Tab 3. The appellant did not respond to the administrative judge's order, and the agency filed a motion to dismiss the appeal. IAF, Tab 7 at 4. The administrative judge also ordered the agency to supplement the record with evidence, if any, that the appellant had requested reconsideration of her WIGI denial and that the agency had issued a reconsideration decision. IAF, Tab 8. The agency responded that the appellant had filed a grievance regarding her WIGI denial but she had not requested reconsideration. IAF, Tab 9 at 4. The appellant replied that she had requested that the agency "reconsider[]" her WIGI denial in the EEO process. IAF, Tab 10 at 3-5.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction on the grounds that the appellant failed to exhaust her administrative remedies with OSC. IAF, Tab 1 at 2, Tab 13, Initial Decision (ID) at 1, 4. The administrative judge noted that the OSC close-out letter did not identify a WIGI denial as a personnel action raised by the appellant and that, because the appellant failed to respond to the jurisdictional order, there was no other evidence that she raised a WIGI denial with OSC. ID at 3. Additionally, the administrative judge found

that, while the appellant alleged to OSC that the agency lowered her performance rating and proposed her removal because of her EEO activity, she did not raise those personnel actions in this appeal. *Id*. The administrative judge found that, even if the appellant had raised those personnel actions in this appeal, the Whistleblower Protection Enhancement Act of 2012 (WPEA) does not extend to reprisal for filing EEO complaints. *Id*. Finally, the administrative judge determined that, to the extent the appellant was attempting to appeal her WIGI denial as an otherwise appealable action, under 5 U.S.C. § 5335(c), the appellant failed to substantiate her claim that she had requested reconsideration from the agency. ID at 3 n.1.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. She asserts that she submitted a request for reconsideration of her WIGI denial to her second-line supervisor and then appealed the decision to an agency official, specifically, to the Deputy Executive Director of the agency's Human Resources Operations Office (HROO).[2] *Id*. at 4; IAF, Tab 9 at 11. She asserts that the agency lowered her performance rating in reprisal for a hostile work environment disclosure and delayed her reassignment and proposed her removal in reprisal for an EEO complaint. PFR File, Tab 1 at 4-7. She also asserts that the agency approved some training with the expectation of failure, denied her additional training and reasonable accommodation, subjected her work to higher scrutiny than other employees in the same position, and delayed her reassignment to a different position. *Id*. at 5-7. Finally, she argues the merits of the agency's actions, including that the agency did not provide her an opportunity to improve her performance and had insufficient evidence to support any performance issues. *Id*. at 5-6. The agency has not filed a response.

---

[2] We note that the appellant refers to the HROO Deputy Executive Director by a different title (Deputy Assistant Chief). PFR File, Tab 1 at 4. For clarity and consistency, we have used the title of Deputy Executive Director reflected elsewhere in the record. IAF, Tab 9 at 11.

**DISCUSSION OF ARGUMENTS ON REVIEW**

Under the WPEA, the Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations of the following: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the protected disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). The U.S. Court of Appeals for the Federal Circuit has found that, in the context of an IRA appeal, a nonfrivolous allegation is an allegation of "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020).

<u>We modify the initial decision to find that the appellant proved that she exhausted an alleged protected disclosure, an alleged protected activity, and two alleged personnel actions before OSC.</u>

Under 5 U.S.C. § 1214(a)(3), an appellant is required to "seek corrective action from [OSC] before seeking corrective action from the Board" through an IRA appeal. *Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 6 (2014), *aff'd*, 626 F. App'x 261 (Fed. Cir. 2015). The Board, in *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11, clarified the substantive requirements of exhaustion. The requirements are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. The Board's jurisdiction is limited to those issues that were previously raised with OSC. However, appellants may give a more detailed account of their whistleblowing activities before the Board than they did to OSC. *Id*. Appellants may demonstrate exhaustion through their initial OSC complaint; evidence that they amended the original complaint, including but not limited to OSC's

determination letter and other letters from OSC referencing any amended allegations; and their written responses to OSC referencing the amended allegations. *Id*. Appellants also may establish exhaustion through other sufficiently reliable evidence, such as an affidavit or a declaration attesting that they raised with OSC the substance of the facts in the Board appeal. *Id*.

The administrative judge found that the appellant exhausted with OSC the two alleged personnel actions of her lowered performance rating and proposed removal. ID at 3. We agree.

Here, the appellant attached two OSC letters to her appeal form. IAF, Tab 1 at 8-10. Despite receiving detailed instructions from the administrative judge on how to establish Board jurisdiction, IAF, Tab 3 at 7-8, the appellant did not provide any additional evidence of exhaustion with OSC. Thus, in addressing that issue, we rely on the two OSC response letters. As noted above, OSC described the appellant's complaint as alleging that the agency retaliated against her for reporting a hostile work environment and for filing an EEO complaint by lowering her performance rating and proposing her removal. IAF, Tab 1 at 9. While the administrative judge did not address whether the appellant had exhausted any protected disclosures or activities, we find that she exhausted those matters identified by OSC, i.e., an alleged disclosure of a hostile work environment and filing an EEO complaint. IAF, Tab 1 at 9.

While the administrative judge acknowledged the appellant's two exhausted personnel actions of a lower performance rating and a proposed removal, he found that she was not raising those matters in this appeal. ID at 3. We need not determine whether the administrative judge was correct regarding the nature of the appellant's claims below because the appellant has specifically raised these two exhausted personnel actions on review. PFR File, Tab 1 at 4-6. Because the issue of the Board's jurisdiction is always before the Board and may be raised at any time, *Stoglin v. Department of the Air Force*, 123 M.S.P.R. 163,

¶ 7 (2015), *aff'd per curiam*, 640 F. App'x 864 (Fed. Cir. 2016), we will consider them for the first time here.[3]

On review, the appellant alleges for the first time that the agency took the following personnel actions: denying or providing her inadequate training, denying her reasonable accommodation, scrutinizing her work, and delaying her reassignment. PFR File, Tab 1 at 4-7. She reasserts that the agency denied her WIGI. *Id*. at 4-6; IAF, Tab 1 at 5.

As to her WIGI denial, we agree with the administrative judge that the Board lacks jurisdiction over that claim. ID at 3. As he correctly observed, the appellant provided no evidence she raised that claim before OSC. *Id.*; IAF, Tab 1 at 9. The lowering of the appellant's performance rating and the proposal of her removal were the only two personnel actions she proved that she identified before OSC. IAF, Tab 1 at 9. Although the appellant indicates that the agency subjected her to additional personnel actions, such as denying or providing her inadequate training, denying her reasonable accommodation, scrutinizing her work, and delaying her reassignment, PFR File, Tab 1 at 4-7, she did not allege or provide any evidence that she raised those actions with OSC. The burden of proving OSC exhaustion rests with the appellant, and the Board may consider only those protected disclosures and activities and those personnel actions that the appellant first raised with OSC. *See Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶¶ 7-8 (2011). Based on our review of the record, we find that the appellant has failed to prove that she exhausted her alleged personnel actions other than the lowered performance rating and proposed removal. Therefore, we do not have jurisdiction to consider her other alleged personnel actions here.

---

[3] A proposed removal is a threatened personnel action under 5 U.S.C. § 2302(a)(2)(A)(iii) and (b)(8). *See Grubb v. Department of the Interior*, 96 M.S.P.R. 361, ¶ 25 (2004). In addition, a performance rating is a personnel action under 5 U.S.C. § 2302(a)(2)(A)(viii). *See Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 16 (2013).

<u>The appellant failed to nonfrivolously allege that she made a protected disclosure under 5 U.S.C. § 2302(b)(8).</u>

We next turn to the issue of whether the appellant nonfrivolously alleged that she made a protected disclosure or engaged in a protected activity. A protected disclosure is a disclosure of information that the appellant reasonably believes evidences any violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8); *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 7 (2016). At the jurisdictional stage, the appellant only is burdened with making a nonfrivolous allegation that she reasonably believed that her disclosure evidenced one of the circumstances described in 5 U.S.C. § 2302(b)(8). *Bradley*, 123 M.S.P.R. 547, ¶ 7. The proper test for determining whether an employee had a reasonable belief that her disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the disclosure evidenced one of the circumstances described in 5 U.S.C. § 2302(b)(8). *Bradley*, 123 M.S.P.R. 547, ¶ 7.

On review, the appellant asserts that the agency lowered her performance rating in reprisal for reporting that her rating supervisor created a hostile work environment. PFR File, Tab 1 at 4. However, she does not provide pertinent details, such as what, specifically, she stated was hostile about her working environment, to whom she made this disclosure, and when she made it. The agency's submissions below contain a grievance filed by the appellant after the agency denied her WIGI and proposed her removal. IAF, Tab 9 at 7-8. In that grievance, she referenced a complaint of a hostile work environment that she reported to the Veterans Health Administration Servicing Human Resources Office (VSHO) Director and Deputy Director sometime prior to August 30, 2019. *Id*. at 8. She indicated that her employing agency referred her complaint to an

outside agency for investigation, but she provided no details as to the nature of her complaint. *Id*. We find that this disclosure, as alleged, is too vague to rise to the level of a nonfrivolous allegation that would merit a finding of the Board's jurisdiction.[4] *See El v. Department of Commerce,* 123 M.S.P.R. 76, ¶¶ 6-8 (2015) (finding that vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction over an IRA appeal), *aff'd per curiam*, 663 F. App'x 921 (Fed. Cir. 2016); *Keefer v. Department of Agriculture*, 82 M.S.P.R. 687, ¶ 10 (1999) (stating that conclusory allegations lacking in specificity that the appellant has made protected disclosures do not constitute a nonfrivolous allegation of jurisdiction in an IRA appeal).

We affirm the administrative judge's determination that the appellant failed to nonfrivolously allege that her EEO activity constituted a protected activity.

On review, the appellant asserts that the agency proposed her removal in reprisal for filing an EEO complaint. PFR File, Tab 1 at 5. The administrative judge found that the WPEA does not extend to reprisal for filing EEO complaints. ID at 3. We modify the initial decision to provide additional support for the administrative judge's finding.

Since the initial decision was issued in this case, we have analyzed the very issue presented here, i.e., whether the WPEA changed the longstanding principle that activity and disclosures protected under Title VII and the Rehabilitation Act are not protected under 5 U.S.C. § 2302(b)(8). We concluded that it did not. *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 21-23; *McCray v.*

---

[4] We have separately considered whether, regardless of the content of her disclosure, her complaint was a protected activity under 5 U.S.C. § 2302(b)(9)(C). That provision defines protected activities to include disclosures to an agency "component responsible for internal investigation and review." The content of the disclosures is not determinative of whether the complaint is protected. *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8. However, without any additional details, we cannot discern whether the appellant's complaint was made to a component responsible for investigation or review, and therefore, we find that she has failed to nonfrivolously allege that her unspecified hostile work environment complaint was a protected activity.

*Department of the Army*, 2023 MSPB 10, ¶¶ 21-22.  Nonetheless, the appellant's activity may be protected under 5 U.S.C. § 2302(b)(9).  *Edwards*, _2022 MSPB 9, ¶¶ 24-25.  Specifically, under 5 U.S.C. § 2302(b)(9)(A), it is a protected activity to exercise "any appeal, complaint, or grievance right granted by any law, rule, or regulation—(i) with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]; or (ii) other than with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]."  However, of the two provisions, an employee or applicant for employment may seek corrective action from the Board only for protected activity under 5 U.S.C. § 2302(b)(9)(A)(i).  5 U.S.C. § 1221(a)

The record does not contain a copy of the appellant's EEO complaint.  The appellant briefly noted on review that her EEO complaint pertained to her reassignment and reconsideration of her WIGI denial.  PFR File, Tab 1 at 4.  She did not allege or provide any evidence that she sought to remedy reprisal for a violation of 5 U.S.C. § 2302(b)(8) in her EEO complaint, and thus, she failed to nonfrivolously allege that her EEO complaint was protected activity within the Board's IRA jurisdiction.

<u>The Board lacks jurisdiction over the appellant's WIGI denial as an otherwise appealable action.</u>

When an agency determines that an employee is not performing at an acceptable level of competence and that a WIGI should be withheld, the employee is entitled to "prompt written notice of that determination . . . and an opportunity for reconsideration."  5 U.S.C. § 5335(c).  An employee may seek reconsideration of a WIGI denial in writing within 15 days of receiving the determination from the agency.  5 C.F.R. § 531.410(a)(1).  The time limit to request reconsideration may be extended, however, if the employee shows that she was not notified of the time limit and was not otherwise aware of it.  5 C.F.R. § 531.410(b).

If the agency affirms its determination on reconsideration, an employee may appeal to the Board.  5 U.S.C. § 5335(c); 5 C.F.R. § 531.410(d).  The Board can also exercise jurisdiction over an appeal of the denial of a WIGI if the agency

denied an employee an opportunity for reconsideration by failing to give notice of the right to reconsideration or if the agency unreasonably refused to act on a request for reconsideration. *Jack v. Department of Commerce*, 98 M.S.P.R. 354, ¶¶ 9-10 (2005).

The administrative judge found that the Board lacks jurisdiction over the appellant's WIGI denial as an otherwise appealable action. ID at 3 n.1. He noted that the appellant did not request or receive a reconsideration decision of her WIGI denial from the VSHO Director.[5] *Id*. He also noted that the record contained evidence that the appellant may have challenged the WIGI denial through EEO channels and in a grievance but not through the agency's reconsideration process. *Id*.; IAF, Tab 9 at 7-11, Tab 10 at 4. As discussed below, we find that the appellant failed to nonfrivolously allege that she requested reconsideration of her WIGI denial through the agency's reconsideration process.

Here, the agency provided the appellant with prompt written notice of her WIGI denial by letter dated June 15, 2020, and informed her of her right to request reconsideration of that decision from the VSHO Director within 20 days of receipt of the letter.[6] IAF, Tab 7 at 6. The appellant asserts on review that she submitted a request for reconsideration to her second-line supervisor and then appealed the decision to the HROO Deputy Executive Director. PFR File, Tab 1 at 4. Although the appellant does not provide any additional details in support of her claim, the record contains her January 26, 2021 grievance, which is addressed to her second-line supervisor and the HROO Deputy Executive Director, and the latter individual's February 4, 2021 grievance decision.[7] IAF, Tab 9 at 6-8, 11.

---

[5] According to the agency, the appellant was covered by the agency's administrative grievance procedure. IAF, Tab 9 at 4. There is no indication in the record that she was covered by a collective bargaining agreement.

[6] The appellant's WIGI was due on July 5, 2020. IAF, Tab 7 at 6.

[7] In determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling her to a hearing, the Board may consider the agency's

The appellant's grievance, which challenged her unacceptable performance rating, also mentioned her WIGI denial. *Id.* at 7-9. The HROO Deputy Executive Director issued a decision that upheld both actions. *Id*. at 11.

To the extent the appellant is alleging that the agency's decision on the grievance constituted a reconsideration decision on the WIGI denial, such an allegation is unavailing. Generally, a grievance is not an "effective request for reconsideration" of a WIGI denial unless it sets forth the reasons for reconsideration and is directed to and considered by the designated office responsible for adjudicating it. *See Priselac v. Department of the Navy*, 77 M.S.P.R. 332, 335-36 (1998); *Jones v. Department of the Air Force,* 29 M.S.P.R. 241, 243-44 (1985). Here, the appellant stated in her grievance the reasons why she felt her WIGI should have been granted and also expressed that she was requesting reconsideration. IAF, Tab 9 at 8, 11. However, her grievance was not directed to, or considered by, the VSHO Director. IAF, Tab 7 at 6. Further, she filed her grievance over 6 months after a request for reconsideration would have been due, further supporting the conclusion that she was not invoking the reconsideration process.

We therefore agree with the administrative judge that the Board lacks jurisdiction over the appellant's WIGI denial as an otherwise appealable action. ID at 3 n.1.

Accordingly, we affirm the initial decision, as modified herein.

---

documentary submissions; however, to the extent this evidence constitutes mere factual contradiction of her otherwise adequate prima facie showing of jurisdiction, the Board may not weigh evidence and resolve conflicting assertions of the parties, and the agency's evidence may not be dispositive. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). The appellant's conclusory allegation that she sought reconsideration is insufficient to meet the nonfrivolous allegation standard. *See* 5 C.F.R. § 1201.4(s). Although we are citing the agency's evidence regarding the appellant's grievance, we have done so only to determine if it provides sufficient context to her claim that she sought reconsideration of her WIGI denial to allow her to meet her jurisdictional burden.

**NOTICE OF APPEAL RIGHTS**[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.